EL PUEBLO, DEMANDANTE Y APELADO, *v.* ECHAVARRY ET AL., ACUSADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Segunda, en causa por delito contra la justicia pública.

No. 1438.—Resuelto en enero 19, 1920.

EXCEPCIÓN PERENTORIA POR DUPLICIDAD. — Cuando durante el juicio se formula excepción perentoria a la acusación, fundada en que ésta imputa más de un

delito, dicha excepción, por no ser de carácter privilegiado, sino de forma, se presenta demasiado tarde.

ACUSACIÓN SUFICIENTE — ALEGACIÓN — DELITO CONTRA LA JUSTICIA PÚBLICA. — Cuando en la acusación se imputa una serie de actos íntimamente relacionados que conducen a la comisión de un delito principal, (en este caso contra la justicia pública) aunque alguno de esos actos pudiera aisladamente constituir un delito, no por eso puede sostenerse que en la acusación se imputa más de un delito.

Los hechos están expresados en la opinión.

Abogados de los apelantes: *Sres. Miguel Guerra* y *José de Jesús Tizol.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

En este caso el acusado fué declarado culpable de un delito contra la justicia pública. Durante el juicio formuló una excepción perentoria alegando que en la acusación se imputaba más de un delito. La corte declaró sin lugar la referida excepción perentoria.

En el caso de *El Pueblo* v. *París,* 25 D. P. R. 111, después de citar los artículos 144, 145, 146 y 152 del Código de Enjuiciamiento Criminal este tribunal indicó que la excepción perentoria debe formularse el día en que se da lectura a la acusación o en cualquier otro momento fijado por la corte y que la acción tomada por la corte al declarar sin lugar una excepción perentoria podía sostenerse por el fundamento de ser muy tardía la objeción. Después de haber discutido las cuestiones y citar autoridades, sostuvimos que no era razonable que la corte tuviera que considerar semejantes cuestiones en forma tan sumaria y dijimos:

"Si el abogado tiene que hacer una verdadera objeción a la acusación, especialmente si es formal o técnica, no deberá hacerla como de sorpresa en el juicio. Estaremos dispuestos a hacer caso omiso de una excepción perentoria de tal modo presentada sobre cualquiera cuestión, como dicha excepción no sea de la clase que hemos llamado privilegiada."

También dijimos en la página 115:

"No queremos dar a entender que en manera alguna deba el acusado quedar limitado estrictamente al formular objeciones a la acusación. Si solicita permiso para ello antes del juicio, y especialmente si no ha estado representado por abogado en el acto de la lectura de la acusación, la corte deberá ser enteramente liberal, pero deseamos insistir en el punto de que una objeción de naturaleza formal formulada a la acusación en el día del juicio se presenta demasiado tarde. El tiempo para hacer alegaciones ha pasado, como también el de formular objeciones, a menos que éstas sean de carácter privilegiado. La corte debe oir y resolver una excepción perentoria (*demurrer*) antes del día del juicio y los abogados tienen derecho a insistir en este punto."

En relación con este punto es de aplicación el caso de *United States* v. *Gooding,* 12 Wheaton, 477.

Todo lo que simplemente sea de carácter formal queda de tal modo renunciado si no ha sido presentado con permiso de la corte. ¿Es la excepción perentoria por duplicidad puramente de forma? Las autoridades tienen un criterio distinto respecto de este punto, pero sostenemos que una objeción por duplicidad no debe hacerse en la forma de excepción perentoria en el momento del juicio porque el acusado tiene otros medios de protección a su alcance. El puede, si es que la acusación realmente deja duda acerca del cargo de que deba defenderse, exigir que el fiscal elija el delito basado en el cual el gobierno trata de que se dicte un fallo condenatorio, o solicitar alguna instrucción de la corte. En esta forma, o tal vez en otras, el acusado puede protegerse, pero no tiene derecho a que la acusación sea sobreseída y demorar el juicio por el fundamento de duplicidad si tal objeción no se formula a su debido tiempo.

Pero concediendo al apelante el beneficio de la duda respecto a si la corte permitió la excepción perentoria y el gobierno no hizo debida objeción, no encontramos que la acusación realmente impute más de un delito. Pasamos a transcribirla.

"El fiscal formula acusación contra Antonio Echavarry, José Echavarry, Ramón Echavarry, José F. Morales, Víctor Espino y Bernardo Marrero por un delito contra la justicia pública, *misdemeanor,* cometido de la manera siguiente:

"Allá el día 21 de junio de 1918, en la jurisdicción de Loíza, que forma parte del Distrito Judicial de San Juan, Antonio Echavarry solicitó licencia de su jefe para retirarse del servicio ese día bajo la 'alegación de hallarse indispuesto, y, puesto de acuerdo con sus hermanos José y Ramón Echavarry, con Víctor Espino y Bernardo Marrero, convinieron con José F. Morales de una manera ilegal, voluntaria y maliciosa arrestar a don José Sánchez, propietario, comerciante, residente en el barrio Hato Puerco de Loíza con el objeto de obtener una recompensa por su libertad y, al efecto, simulando que al José F. Morales lo llevaban detenido, subieron a la casa comercial del citado don José Sánchez, en la que se presentaron con el carácter de policías y detectives de la policía insular todos y cada uno de ellos, y bajo el pretexto de que viera el José Sánchez si conocía al José Morales, lograron que aquel saliera de la casa y una vez fuera de ella lo arrestaron sin autoridad para ello, sin que existiera denuncia, sin que hubiera cometido delito alguno, y valiéndose de un automóvil, contra su voluntad y a pesar de sus protestas lo condujeron a San Juan, y como durante el camino se negara a pagar o dar alguna recompensa para su libertad, fué conducido al cuartel de la policía de Puerta de Tierra bajo una acusación de que se trataba de un conspirador y de cuyo cuartel fué trasladado al de San Juan, donde pasó la noche en calidad de detenido hasta el día siguiente en que fué puesto en libertad a virtud de la investigación que hicieron las autoridades superiores.

"Este hecho es contrario a la ley para tal caso prevista y a la paz y dignidad de El Pueblo de Puerto Rico. Luis Campillo.—Fiscal del Distrito."

Se alega específicamente en la acusación que el delito es uno contra la justicia pública y por tanto que el gobierno podía mediante la debida objeción en el juicio quedar limitado a probar tal delito.

Pero de todos modos, los hechos de la acusación no constituyen sino una sola transacción. Es verdad que en ella existen algunas otras palabras que indican una conspiración o tentativa de extorsión, pero el delito realmente imputado

es el que determina el artículo 135 del Código Penal, el cual
es como sigue:

"Todo funcionario público o persona pretendiendo serlo, que por
pretexto de algún proceso u otra causa legítima, arrestare alguna
persona o la detuviere contra su voluntad, o que confiscare o embar-
gare bienes, o desposeyere alguna persona de terreno o bienes sin
formación del correspondiente proceso, o sin autoridad legítima para
ello, será reo de *misdemeanor*."

En este caso el acusado se unió a otros para sacar al
denunciante de su casa, someterlo a distintos medios de pre-
sión e intimidación, todo esto so pretexto de que el acusado
y sus asociados eran funcionarios públicos. La simulación
era sola y única y existió en cada uno de los actos realizados
por el acusado para llevar a cabo su propósito dañoso y todo
fué ejecutado en una serie de actos íntimamente relacionados.
En las notas al caso de *Ben* v. *State*, 58 Am. Dec. 242 se
hace cita del principio en la siguiente forma:

"Cuando varios actos ejecutados por la misma persona no son
sino pasos sucesivos en el curso de un propósito criminal y que cons-
tituyen en conjunto un solo delito, aunque cada uno de ellos reali-
zados aisladamente podrían constituir un delito, dichos actos todos
pueden ser imputados en un solo cargo;" citándose autoridades.
Véase también Bouvier, Duplicidad, Tomo 1º. 626.

También se objetó durante la vista, que en la acusación
no se expresaba que el acusado y sus asociados eran funcio-
narios públicos, o que se hicieron pasar como tales. En di-
cha acusación aparece suficientemente que antes de que el
arresto se hiciera y fuera apresado el denunciante, los acu-
sados se presentaron como policías y detectives y actuaron
en todos los momentos como si tuvieran autoridad para veri-
ficar el arresto.

La sentencia debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Aso-
ciados del Toro, Aldrey y Hutchison.