# 95 DTA 88

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE PONCE Y AIBONITO
## PANEL II

EL PUEBLO DE PUERTO RICO
Recurrido

v.

GILBERTO RODRIGUEZ ZAYAS
Peticionario

Núm. KLCE-95-00288

San Juan, Puerto Rico, a 15 de mayo de 1995.

Panel integrado por su presidente, Juez Sánchez Martínez
y los Jueces Córdova Arone y Segarra Olivero

Segarra Olivero, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

El 4 de abril de 1995, a las 4.46 P.M., el imputado recurrente radicó ante el Tribunal de Primera Instancia que está ventilando su caso, una Moción Solicitando Eliminación Oración Pliegos Acusatorios, la cual reproducimos a continuación:

*"1. Que en los pliegos acusatorios en los casos de epígrafe se han incluido una oración que textualmente señala:*

*"El referido Gilberto Rodríguez Zayas falsamente certificó al Tribunal Supremo de Puerto Rico, Oficina de Inspección de Protocolos y notarías no haber recibido honorarios.*

*2. Que dicha frase nada tiene que ver con una acusación por el Artículo 209 del Código Penal de Puerto Rico que tipifica el delito de soborno.*

*3. Que esa frase justificaría una acusación por el Artículo 241 del Código Penal, no habiéndosele nunca imputado tal artículo penal al aquí imputado.*

*Que, respetuosamente se solicita la eliminación de tal expresión en todos los pliegos acusatorios."*

El 5 de abril de 1995, es decir, al día siguiente de la presentación de la moción transcrita, en sesión abierta la honorable juez que preside los procedimientos, emitió la siguiente resolución:

*"En la mañana de hoy se eleva ante nuestra consideración Moción presentada por el acusado, Gilberto Rodríguez Zayas, donde solicita la eliminación de oración de los pliegos acusatorios, En específico solicita se elimine la oración que reza 'el referido Gilberto Rodríguez Zayas, falsamente certificó al Tribunal Supremo, Oficina de Inspección de Protocolos y Notarías, no haber recibido honorarios."*

*Entiende la defensa, conforme reza la propia moción, que dicha frase nada tiene que ver con una situación del Artículo 209 que tipifica el delito de soborno. Solicita, y esa es la*

*súplica de su moción, que se elimine tal expresión en todos los pliegos acusatorios.*

*El Tribunal concedió tiempo al Fiscal, a quien se le suplió copia de la moción en el día de hoy, a los fines de que pudiera ilustrar al Tribunal en relación con lo solicitado.*

*Hemos tenido la oportunidad de escuchar al Fiscal Especial Independiente, Efraín Meléndez. Hemos tenido también la oportunidad de escuchar al Lcdo. José A. Cangiano en su exposición. En la misma el licenciado Cangiano, **en adición** a lo solicitado por escrito, expone que las acusaciones presentadas contra el Sr. Gilberto Rodríguez Zayas, imputan dos delitos. Que hay una indebida acumulación de delitos, ello contrario a lo que dispone la Regla 37 de Procedimiento Criminal y que como tal solicita la desestimación de los pliegos acusatorios al amparo de la Regla 64 (k), que reza que existe indebida acumulación de delitos.*

*De entrada debemos señalar que el propósito de una acusación, es informar a un acusado de aquello que se le acusa para que pueda preparar su defensa, lo proteja en caso de convicciones o absoluciones de procesos subsiguientes. Le informa también al Tribunal sobre los hechos que imputa el Fiscal a los fines de que el Tribunal pueda hacer un análisis de la suficiencia o no de la acusación contra los acusados. La Regla 37 de Procedimiento Criminal permite la acumulación de delitos y de acusados en un pliego acusatorio, ello sujeto a lo que allí se dispone que tiene que estar en párrafos separados.*

*La Regla 64 (k), faculta al Tribunal a solicitud de las partes, desestimar dicho pliego, si a su juicio imputa dos delitos en un sólo cargo.*

*Hemos examinado detenidamente por los pasados meses las acusaciones que pesan contra el acusado, Gilberto Rodríguez Zayas y las mismas no imputan dos delitos, imputan el delito de soborno. A nuestro juicio no hay una indebida acumulación de delitos, por lo que en sesión abierta se declara **No Ha Lugar** la solicitud de la defensa."*

*En Ponce, Puerto Rico, a 5 de abril de 1995 y reducida a escrito hoy 19 de abril de 1995."*

Del dictamen anteriormente transcrito el imputado recurre ante nos aduciendo que incidió en error el Tribunal de Primera Instancia por el fundamento que reproducimos textualmente a continuación:

*"Erró el Honorable Tribunal de Primera Instancia de Puerto Rico, Sala Superior de Ponce, Hon. Jocelyn López Vilanova, al determinar que la expresión consignada en todos los pliegos acusatorios por soborno, entiéndase: "El referido acusado Gilberto Rodríguez Zayas falsamente certificó al Tribunal Supremo de Puerto Rico, Oficina de Inspección de Protocolos y Notarías no haber recibido honorarios", no constituía una indebida acumulación de delitos en el mismo pliego, máxime cuando dicha frase, en adición, causaría un efecto perjudicial en la mente de los jurados."*

## I

No le asiste la razón al recurrente. Su planteamiento es frívolo. Como cuestión de derecho debió ser desestimado por razón de haber sido invocado tardíamente.

Hemos transcrito íntegramente los escritos relevantes a la cuestión suscitada por el recurrente porque de una mera lectura de los mismos surgen inequívocamente tres factores cruciales para evaluar la cuestión ante nuestra consideración. En primer lugar, la Moción Solicitando Eliminación de Pliegos Acusatorios no está fundamentada en principio legal, doctrinal o jurisprudencial alguno. En realidad, visto a la luz más favorable al recurrente, se trata de un defecto de forma que no perjudica los derechos sustanciales del acusado. 34

L.P.R.A. Ap. II, R 36. En segundo lugar, el planteamiento relativo a que las acusaciones presentadas contienen una indebida acumulación de delitos, no fue esgrimida en la moción radicada el 4 de abril, sino durante la vista de la referida moción el día siguiente, es decir, el 5 de abril de 1995. En tercer lugar, el Tribunal de Primera Instancia, en su Resolución del 5 de abril, reducida a escrito el 19 de abril, deja establecido, sin lugar a dudas, que *"hemos examinado detenidamente por los pasados meses las acusaciones que pesan contra el acusado..."* Tomamos conocimiento judicial que el 5 de abril fue el primer día del señalamiento de la vista del caso de epígrafe.

De cuanto llevamos dicho surge claramente que la presentación y la lectura de la acusación había tenido lugar hacía más de veinte (20) días. La Regla 63 de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R 63, en lo pertinente, dispone:

*"Excepto las defensas de falta de jurisdicción del tribunal y la de que no se imputa delito, las cuales podrán presentarse en cualquier momento, cualquier defensa u objeción susceptible de ser determinada sin entrar en el caso en su fondo se deberá promover mediante moción presentada al hacerse alegación de no culpable o antes de alegar, pero el tribunal podrá permitir por causa justificada la presentación de dicha moción dentro de un período no mayor de veinte (20) días después del acto de lectura de la acusación en los casos en que deba celebrarse dicho acto. Cuando se hubiere entregado personalmente al acusado una copia de la acusación, el término para la presentación de esta moción será de no más de veinte (20) días desde que el acusado hubiese respondido. Cuando no hubiese contestado, el término será de no más de veinte (20) días después de que se registre la alegación de no culpable.*

*La moción incluirá todas las defensas y objeciones de tal índole de que pueda disponer el acusado. La omisión de presentar cualquiera de dichas defensas u objeciones en el término dispuesto constituirá una renuncia de la misma, pero el tribunal podrá eximir al acusado por causa justificada, de los efectos de tal renuncia."*

Así mismo, la propia Regla 64 exige que una moción para desestimar basada en lo provisto en dicha Regla deberá presentarse, excepto por causa debidamente justificada y fundamentada, por lo menos veinte (20) días antes del juicio, salvo lo dispuesto en la Regla 63.

Es evidente que el recurrente no está alegando las defensas de falta de jurisdicción del Tribunal, ni que la acusación no imputa delito, las cuales pueden presentarse en cualquier momento. De una somera lectura de la Moción del 4 de abril puede constatarse muy fácilmente que el acusado no presentó excusa alguna para justificar su dilación de meses en promover la cuestión que ahora presenta tardíamente, por lo que sus señalamientos deben considerarse renunciados █ Es interesante notar que la resolución recurrida está huérfana de cualquier indicio de que el acusado intentó justificar su dilación.█

## II

Sea como fuere, el dictamen recurrido, en lo atinente a la cuestión medular planteada, fue correcto. Las acusaciones ante nuestra consideración imputan un sólo delito: soborno. Coincidimos con el Tribunal de Primera Instancia en que no existe indebida acumulación de delitos en las acusaciones.

La Regla 37(a) de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R 37, provee:

*"(a) **Acumulación de delitos.** En la misma acusación o denuncia se podrán imputar dos o más delitos, en cargos por separado para cada uno de ellos, si los delitos imputados fueren de igual o similar naturaleza, o hubieren surgido del mismo acto o transacción, o de dos o*

*más actos o transacciones relacionadas entre sí o que constituyeren partes de un plan común. Las alegaciones de un cargo podrán incorporarse en los demás cargos por referencia."*

La Regla 64(k) de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R 64, le permite al acusado invocar la acumulación errónea de delitos como fundamento para solicitar la desestimación de la acusación o cualquier cargo de las mismas. La Regla 64 (i), 34 L.P.R.A. Ap. II, R 64 (i) dispone como fundamento para la desestimación de un pliego acusatorio el que uno o más de los cargos de la acusación imputan más de un delito. El recurrente apuntala su recurso en la Regla 64 (k).

Hemos examinado cuidadosamente las disposiciones legales aplicables, la doctrina██ y la jurisprudencia██ de nuestro Tribunal Supremo, y estamos convencidos que el planteamiento ante nuestra consideración, está desprovisto de méritos.

La frase contenida en el segundo párrafo de las acusaciones no configura delito alguno tipificado en nuestro Código Penal. Paradójicamente, es el propio recurrente quien, por vía de ejemplo, pretende forzadamente tipificar la conducta descrita dentro de los parámetros precisos del Artículo 241 del Código Penal██ para luego aducir que se imputan dos delitos en el mismo cargo. Las palabras usadas en la acusación, incluyendo el párrafo en controversia, indican al sentido común la imputación de un sólo delito. *Pueblo v. Tribunal Superior,* 94 D.P.R.. 392 (1967).

Nos parece demasiado endeble la pretensión del recurrente de anclar su argumentación en la Regla 19 de Evidencia, que se refiere a evidencia pertinente que puede ser excluida por su escaso valor probatorio. Igualmente improcedente nos luce su esfuerzo de aplicar a los hechos de autos la decisión *Pueblo v. González Colón,* 110 D.P.R. 812 (1891), que plantea temáticas absolutamente desvinculadas del asunto ante nuestra consideración.

Por los fundamentos expresados, se deniega la expedición del auto solicitado.

Así lo resolvió y manda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

## ESCOLIOS 95 DTA 88

**1.** Ernesto L. Chiesa Aponte, *Derecho Procesal Penal de Puerto Rico y los Estados Unidos,* Editorial Forum, 1993, Tomo III, pág. 217-222; Olga Elena Resumil de Sanfilippo, *Derecho Procesal Penal,* Equity Publishing Co., 1993, pág. 201.

**2.** Conforme la Regla 65 de Procedimiento Criminal, cualquier moción antes del juicio deberá presentarse por escrito y estar firmada por el acusado o por su abogado, pero el tribunal **por causa justificada** podrá permitir que se formule oralmente. El Tribunal **desestimará de plano** sin necesidad de vista toda moción que no cumpla con los requisitos establecidos en dicha Regla 65.

De la resolución recurrida no surge justificación alguna para que se prescindiera del requisito exigido por la Regla 65. En el recurso ante nuestra consideración tampoco se hace esfuerzo alguno para proveernos esa justificación. Obviamente, además, no se cumplió con los términos que establece dicha Regla para presentar las referidas defensas u objeciones.

**3.** Ernesto Chiesa Aponte, *Derecho Procesal Penal de Puerto Rico y los Estados Unidos,* Editorial Forum, 1992, Tomo II págs. 189-191, 245-247; Olga Elena Resumil de Sanfilippo, *Derecho Procesal Penal,* Equity Publishing

Co., 19938 Tomo 2, págs. 14-23, 188-191.

**4.** No estamos frente a las situaciones que dieron lugar a los pronunciamientos en: *Pueblo v. Adorno,* 81 D.P.R. 518, 534 (1959); *Pueblo v. Palacios,* 66 D.P.R. 961 (1947); *Pueblo v. Labrador,* 57 D.P.R. 687 (1940); *Pueblo v. Echevarry,* 28 D.P.R. 6 (1920). Véase, *Pueblo v. Carballosa,* ___ D.P.R. ___, (1992), **92 J.T.S. 84.**

**5.** Sobre el Artículo 241, véase el Análisis Editorial de la Profesora Dora Nevares, *Código Penal de Puerto Rico,* Revista del Colegio de Abogados, 1986, págs. 404 a la 406.