ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VII

| El PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>JOSÉ RAMÍREZ SUÁREZ<br><br>Peticionario | KLCE202300022 | *Certiorari pr*ocedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Número:<br>K LE2022G0181<br><br>Sobre: Ley 54<br>Art. 3.1 Grave (1989) |
|---|---|---|

Panel integrado por su presidenta, la Juez Ortiz Flores, la Juez Brignoni Mártir y el Juez Candelaria Rosa

Ortiz Flores, Juez Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico, a 31 de enero de 2023.

Comparece ante nosotros el señor José Ramírez Suárez (Sr. Ramírez; peticionario) mediante el presente recurso de *certiorari* y nos solicita que revoquemos la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI), el 6 de diciembre de 2022.[1] En el referido dictamen, el TPI declaró No Ha Lugar una moción de desestimación al amparo de la Regla 64 de las de Procedimiento Criminal, 34 LPRA Ap. II, R. 64 (Regla 64).

Adelantamos que por los fundamentos que expondremos a continuación denegamos expedir el auto de *certiorari*.

### I

El 21 de enero de 2022 se presentó *Denuncia* contra el Sr. Ramírez por hechos ocurridos el 20 de enero de 2022. En el pliego le fue imputada la conducta tipificada como delito en el Artículo 3.1 de la *Ley para la Prevención e Intervención con la Violencia Doméstica*, Ley Núm. 54 de 15 de agosto de 1989, 8 LPRA sec. 631, por los siguientes hechos:

> El referido imputado José Ramírez Suárez, allá en o para el día 20 de enero de 2022, a eso de las 9:10 PM aprox. en [San Juan], que forma parte de la jurisdicción del Tribunal de Primera Instancia, Sala de Juan, ilegal, a propósito, con

---

[1] Apéndice del recurso, Anejo 10.

conocimiento y criminalmente empleó violencia física y psicológica contra la Sra. [IMLO], persona con quien sostenía una relación consensual, con quien no procreó hijos, consistente en que el aquí denunciado, la agredió con sus **manos** en el ~~rostro~~ (BOCA) por lo que la perjudicada se siente física [y] emoci[o]nalmente afectada con tal hecho contrario a la ley. (Tachado en el original, énfasis nuestro.)[2]

Consecuentemente, se fijó la fecha para la Vista Preliminar, la cual se llevó a cabo el 2 de febrero de 2022. Inicialmente, el TPI emitió *Resolución* en la cual determinó la inexistencia de causa probable por el delito imputado.[3] No obstante, el 20 de abril de 2022, luego de celebrar la Vista Preliminar el Alzada, el Tribunal de Primera Instancia emitió *Resolución* en la cual resolvió que sí existía causa para creer que el Sr. Ramírez cometió el delito contenido en el Artículo 3.1 de la Ley 54. Por lo anterior, el 27 de abril de 2022, el Ministerio Publico radicó la correspondiente acusación en el caso 20220126200291, en la cual imputó al peticionario la siguiente conducta:

Cometido en: San Juan, PR DESDE EL 2018 HASTA EL 20 DE ENERO DE 2022, HORA 9:10 PM APROX.

El referido imputado, José Ramírez Suárez, allá en o para el día 20 d enero de 2022, a eso de las 9:10 PM, aprox. en [San Juan], que forma parte de la jurisdicción del Tribunal de Primera Instancia, Sala de San Juan, ilegal, a propósito, con conocimiento y criminalmente empleó violencia física y psicológica contra la SRA. [IMLO], persona con quien sostenía una relación consensual, con quien NO procreó hijos, consistente en que el aquí denunciado, la rozo con sus dedos en la boca, por lo que la perjudicada se siente física [y] emocionalmente afectada siendo esto parte de un patrón de conducta de maltrato cometido en su contra. HECHO CONTRARIO A LA LEY.

Posteriormente, el 8 de agosto de 2022, el peticionario presentó *Moción solicitando desestimación al amparo de la Regla 64 de Procedimiento Criminal y el debido proceso de ley.*[4] Este alegó que se debía desestimar la acusación al amparo de los incisos (j) y (k) de la Regla 64, ya que el Ministerio Público había realizado una acumulación indebida de delitos. Por otro lado, el 19 de agosto de 2022, el Ministerio Público se expresó en cuanto a la moción anterior. Primeramente, señaló que no procedía desestimar la acusación, puesto que el peticionario

---

[2] Apéndice del recurso, Anejo 1.
[3] Apéndice del recurso, Anejo 2.
[4] Apéndice del recurso, Anejo 4.

radicó su moción de forma tardía, de acuerdo con lo establecido en las Reglas 63 y 64 de Procedimiento Criminal, 34 LPRA Ap. II, R. 63 y 64.[5] Además, el Ministerio Publico adujo que en la referida acusación se imputó el mismo delito, en sus dos modalidades, lo cual resulta permisible conforme a la jurisprudencia del Tribunal Supremo de Puerto Rico.[6] Luego de los trámites de rigor, el TPI emitió *Resolución* el 22 de agosto de 2022, en la cual, declaró No Ha Lugar la desestimación. Inconforme, el peticionario presentó dos mociones para solicitar reconsideración, y requerir del foro primario "los fundamentos en derecho para no desestimar".[7]

A base de la solicitud anterior, el TPI emitió la *Resolución* recurrida en la que expuso los fundamentos concretos para no desestimar la acusación. Luego de un análisis jurisprudencial, el Tribunal razonó que "el Ministerio Público tiene discreción para imputar cualquiera" de las dos modalidades que comprende el Artículo 3.1 de la Ley 54.[8] Añadió el TPI que, "en el presente caso, no existe acumulación de más de un delito en un mismo pliego acusatorio, sino que el Ministerio Publico presentó una acusación mediante la cual se imputan dos modalidades del Art. 3.1 de la Ley de Violencia Doméstica [entiéndase,] maltrato físico y maltrato psicológico."[9]

Aún inconforme, el peticionario acude ante nosotros mediante el

---

[5] En lo pertinente, la Regla 64 dispone que, "[u]na moción para desestimar basada en lo provisto en esta regla deberá presentarse, **excepto por causa debidamente justificada y fundamentada**, por lo menos veinte (20) días antes del juicio, salvo lo dispuesto en la Regla 63." (Énfasis nuestro.) 34 LPRA Ap. II, R. 64. Por otro lado, la Regla 63 establece lo siguiente: "Excepto las defensas de falta de jurisdicción del tribunal y la de que no se imputa delito, las cuales podrán presentarse en cualquier momento, **cualquier defensa u objeción susceptible de ser determinada sin entrar en el caso en su fondo se deberá promover mediante moción presentada al hacerse alegación de no culpable o antes de alegar, pero el tribunal podrá permitir por causa justificada la presentación de dicha moción dentro de un período no mayor de veinte (20) días después del acto de lectura de la acusación en los casos en que deba celebrarse dicho acto**. Cuando se hubiere entregado personalmente al acusado una copia de la acusación, el término para la presentación de esta moción será de no más de veinte (20) días desde que el acusado hubiese respondido. Cuando no hubiese contestado, el término será de no más de veinte (20) días después de que se registre la alegación de no culpable." 34 LPRA Ap. II, R. 63.

[6] Apéndice del recurso, Anejo 5.

[7] Véase, Apéndice del recurso, Anejos 7 y 9.

[8] Apéndice del recurso, Anejo 10, *Resolución*, en una cita a *Pueblo v. Carballosa y Balzac*, 130 DPR 842, 856 (1992); *Pueblo v. Ríos Alonso*, 156 DPR 428, 437 (2012); (El Tribunal Supremo explicó que, "unos mismos hechos pueden producir tanto un daño físico como un grave daño emocional en la víctima, y el Ministerio Público tiene discreción para imputar ambas modalidades en la acusación.")

[9] Apéndice del recurso, Anejo 10.

presente recurso de *certiorari* en el cual nos señala la comisión del siguiente error:

**Primer error**: El TPI erró al no desestimar el pliego acusatorio ante la indebida acumulación de delitos, y al permitirle al Ministerio Publico que impute violencia física, violencia psicológica y un alegado patrón de maltrato en una sola acusación.

Por su parte, compareció el Procurador General, en representación del Pueblo de Puerto Rico para solicitar la desestimación del presente recurso, por falta de jurisdicción. Específicamente, este nos señala que el peticionario incumplió con las Reglas 33 (B) y 13 (B) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B. Lo anterior, ya que el peticionario, en primer lugar notificó por correo electrónico y no por correo certificado, conforme a la Regla 33 (B). En segundo lugar, que no notificó correctamente a la Fiscal de Distrito, por haber escrito de forma incorrecta la dirección. Adicional, que el escrito enviado no estaba firmado, ni acompañó el apéndice del recurso en su notificación. Por último, el Procurador nos señala que, por no haber realizado la notificación de forma correcta, dentro del término para acudir en *certiorari* a este Tribunal, procede desestimar el recurso por falta de jurisdicción, en ausencia de justa causa.

El 19 de enero de 2023 emitimos *Resolución* mediante la cual concedimos al peticionario hasta el 27 de enero de 2023, para expresarse y exponer las razones por las que no debemos desestimar su recurso. En la fecha indicada, el peticionario compareció a través de *Moción en Cumplimiento de Orden* en la cual expresó su oposición. En esencia, este nos señala que hubo un problema de notificación a la Fiscal de Distrito por haber incurrido en un error en la redacción de la dirección del correo electrónico. Además, este señaló, correctamente, que las Reglas de este Tribunal permiten la notificación mediante correo electrónico.[10] Adicional, el peticionario confirmó que la copia enviada al Procurador General no estaba firmada, ni tampoco se envió copia del

---

[10] Véase, Regla 13 (B) (2) de nuestro reglamento, 4 LPRA Ap. XXII-B, R. 13.

apéndice como anejo en el correo electrónico. Sin embargo, el peticionario arguye que lo anterior se debió a un error involuntario y subsanable, de acuerdo con la Regla 69 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 69.

Atendidas las posturas de las partes, se declara No Ha Lugar la *Solicitud de Desestimación* radicada por la Oficina del Procurador General, y con el beneficio de las posturas de las partes, procedemos a resolver.

## II

## A

El auto de *certiorari* es un remedio procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *Pueblo v. Díaz De León*, 176 DPR 913, 917 (2009). Para determinar si procede la expedición de un auto de *certiorari*, la Regla 40 del Reglamento de este Tribunal, 4 LPRA Ap. XXII-B, R.40, dispone que debemos considerar lo siguiente:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Es decir, estamos obligados a evaluar "tanto la *corrección de la decisión recurrida así como la etapa del procedimiento en que es presentada*; esto, para determinar si es la más apropiada para intervenir y

no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio." *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008), que cita a *Negrón v. Srio. de Justicia*, 154 DPR 79 (2001). Asimismo, se ha resuelto que los "tribunales apelativos no debemos intervenir con el ejercicio de la discreción de los foros de instancia, salvo que se demuestre que hubo un craso abuso de discreción, perjuicio, error manifiesto o parcialidad." *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), que cita a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

**B**

Es sabido que es un requisito indispensable que la parte que solicita la intervención de un foro apelativo perfeccione su recurso, tanto en su forma como en su contenido, de conformidad con la reglamentación aplicable. En particular, el Reglamento del Tribunal de Apelaciones dispone palmariamente que la petición de *certiorari* incluirá un apéndice, en el que se incluirá, tanto la decisión del Tribunal de Primera Instancia cuya revisión se solicita, así como la notificación del archivo en autos de copia de la notificación de la decisión, entre otros documentos de importancia para ejercer nuestra función revisora. El Tribunal Supremo ha afirmado que las disposiciones reglamentarias que regulan los recursos que se presentan ante este tribunal revisor deben ser observadas con rigor. *Arriaga Rivera v. F.S.E.,* 145 DPR 122, 129-130 (1998) y la jurisprudencia allí citada. En el derecho procesal apelativo no puede quedar al arbitrio de las partes o sus abogados decidir qué disposiciones reglamentarias acatan y cuándo. *Soto Pino v. Uno Radio Group,* 189 DPR 84, 91 (2013), que cita a *Matos v. Metropolitan Marble Corp.*, 104 DPR 122, 125 (1975).

No obstante, debemos tener presente que conforme la Regla 12.1 el tribunal, por causa debidamente justificada, deberá proveer una oportunidad razonable a las partes para permitir la corrección de cualquier

defecto en la notificación, siempre que con ello no afecten los derechos de las partes.[11]

**C**

La Constitución de Puerto Rico en su Artículo II, Sección 7, Const. ELA, LPRA, Tomo 1, dispone que ninguna persona será privada de su vida o su libertad sin un debido proceso de ley. A raíz de este derecho, el Estado tiene el deber de notificar adecuadamente a los acusados de delitos sobre las causas de acción en su contra. *Pueblo v. Pérez*, 183 DPR 1003, 1010 (2011). De tal modo, el derecho a la debida notificación al acusado de los cargos presentados en su contra tiene rango constitucional. En lo pertinente, nuestra Constitución dispone lo siguiente:

> En todos los procesos criminales, el acusado disfrutará del derecho a un juicio rápido y público, **a ser notificado de la naturaleza y causa de la acusación recibiendo copia de la misma**, a carearse con los testigos de cargo, a obtener la comparecencia compulsoria de testigos a su favor, a tener asistencia de abogado, y a gozar de la presunción de inocencia. Art. II, Sec. 11, Const. ELA, *supra.* (Énfasis nuestro).[12]

Para viabilizar este mandato constitucional, existe la Regla 35 de Procedimiento Criminal, 34 LPRA Ap. II, R. 35. En el apartado (c), dicha Regla establece que cuando se imputa la comisión de un delito específico, la acusación debe incluir una exposición de todos los hechos constitutivos del mismo con suficiente grado de especificidad para que una persona de inteligencia común las pueda entender. Por tanto, solo se requiere que el Ministerio Público presente lo siguiente:

> Una exposición de los hechos esenciales constitutivos del delito, redactada en lenguaje sencillo, claro y conciso […] Las palabras usadas en dicha exposición se interpretarán en su acepción usual en el lenguaje corriente, con excepción de aquellas palabras y frases definidas por ley o por la jurisprudencia, las cuales se interpretarán en su significado legal. Dicha exposición no tendrá que emplear estrictamente las palabras usadas en la ley, y podrá emplear otras que tuvieren el mismo significado. En ningún caso será necesario el expresar en la acusación o denuncia presunciones legales ni materias de conocimiento judicial. 32 LPRA Ap. II, R. 35 (c).

---

[11] Véase, Regla 12.1 del Reglamento del Tribunal de Apelaciones, 4 LPRA, Ap. XXII-B, R. 12.1

[12] *Véase*, además, la Sexta Enmienda de la Constitución de los Estados Unidos: ("In all criminal prosecutions, the accused shall enjoy the right… to be informed of the nature and cause of the accusation".) Emda. VI, Const. EE.UU., LPRA, Tomo 1.

Al interpretar el precitado texto, nuestro Tribunal Supremo ha reiterado que el Ministerio Público no tiene que emplear "ningún lenguaje estereotipado, técnico o talismánico en su redacción[,] ni el uso estricto de las palabras dispuestas en el estatuto". *Pueblo v. Montero Luciano*, 169 DPR 360, 373 (2006). Es decir, al Ministerio Público solamente se le exige que exponga en la acusación todos los hechos constitutivos del delito imputado para que dicho documento pueda servir su propósito. Entiéndase, que el acusado conozca "'los hechos que se le imputan, de suerte que pueda preparar su defensa conforme a ello'." *Pueblo v. Vélez Rodríguez*, 186 DPR 621, 629 (2012), que cita a *Pueblo v. Montero Luciano, supra*.

**D**

De otra parte, una vez hay una determinación de causa probable para acusar y se presenta la acusación, el acusado tiene el remedio exclusivo de la desestimación según lo dispone la Regla 64 de Procedimiento Criminal. Por su parte, la citada disposición legal establece los fundamentos por los cuales una persona imputada de delito puede solicitar la desestimación de una acusación o denuncia. En lo pertinente al presente caso, la Regla 64 dispone lo siguiente:

> La moción para desestimar la acusación o denuncia, o cualquier cargo de las mismas sólo podrá basarse en uno o más de los siguientes fundamentos:
>
> [. . .]
>
> (j) Que uno o más de los cargos de la acusación o la denuncia imputan más de un delito.
>
> (k) Que existe una indebida acumulación de delitos.

En una interpretación de la Regla 64 (j) de las de Procedimiento Criminal, nuestro más alto foro determinó que "[c]uando todos los actos imputados en un solo cargo constituyen un solo delito, no hay duplicidad y no es de aplicación [esta Regla]", la cual "sólo aplica cuando se imputa más de un delito en un solo cargo." *Pueblo v. Carballosa y Balzac, supra*. En el mencionado caso, el Tribunal Supremo añadió que, tampoco existe

duplicidad en la acusación, cuando en un solo cargo se imputen las dos modalidades bajo las cuales puede cometerse el mismo delito. *Id.* Asimismo, "[c]uando varios actos ejecutados por la misma persona no son sino pasos sucesivos en el curso de un propósito criminal y que constituyen en conjunto un solo delito, aunque cada uno de ellos realizados aisladamente podrían constituir un delito, dichos actos todos pueden ser imputados en un solo cargo." *Id.*, que cita a *Pueblo v. Echavary et al.*, 28 DPR 6, 10 (1920).

**E**

El Artículo 3.1 de la Ley 54 tipifica como delito de maltrato la siguiente conducta:

> Toda persona que empleare fuerza física o violencia psicológica, intimidación o persecución en la persona de su cónyuge, ex cónyuge, o la persona con quien cohabita o haya cohabitado, o la persona con quien sostuviere o haya sostenido una relación consensual, o la persona con quien haya procreado un hijo o hija, independientemente del sexo, estado civil, orientación sexual, identidad de género o estatus migratorio de cualquiera de las personas involucradas en la relación, para causarle daño físico a su persona, a los bienes apreciados por ésta, excepto aquéllos que pertenecen privativamente al ofensor, o a la persona de otro o para causarle grave daño emocional, incurrirá en delito grave de cuarto grado en su mitad superior.
>
> El tribunal podrá imponer la pena de restitución, además de la pena de reclusión establecida. 8 LPRA sec. 631.

Este delito se configura cuando están presentes los siguientes tres elementos. A saber: (1) que se emplee fuerza física, violencia psicológica, persecución o intimidación; (2) que dicha conducta se lleve a cabo contra "la persona de su cónyuge, ex cónyuge, o la persona con quien cohabita o haya cohabitado, o la persona con quien sostuviere o haya sostenido una relación consensual, o la persona con quien haya procreado un hijo o hija", y (3) que se haga para causarle algún daño físico (a la persona o sus bienes, salvo los dispuestos por ley), o grave daño emocional. *Pueblo v. Ayala García*, 186 DPR 196, 213 (2012).

Según ha interpretado nuestro Tribunal Supremo, el delito antes descrito contiene dos modalidades. Entiéndase, maltrato físico, y maltrato emocional. *Pueblo v. Osvaldo Ríos*, 156 DPR 428, 435 (2012). Referente

al maltrato físico, el Supremo ha concluido que, en dicha modalidad, no se requiere demostrar un patrón reiterado de violencia para que se configure el mismo. *Pueblo v. Figueroa Santana*, 154 DPR 717, 731 (2001). Por otro lado, en la modalidad de violencia psicológica, la propia Ley específica en su Artículo 1.3 que se trata de "**un patrón** de conducta constante ejercitada en deshonra, descrédito o menosprecio al valor personal", entre otros. (Énfasis nuestro.) 8 LPRA sec. 602.

**III**

En el presente caso, se recurre de una *Resolución* que declaró sin lugar una solicitud de desestimación instada por el peticionario al amparo de la Regla 64. En su recurso de *certiorari*, el peticionario señala que erró el TPI al no desestimar el pliego acusatorio aun cuando el Ministerio Público realizó una "indebida acumulación de delitos", por imputar "violencia física, violencia psicológica y un alegado patrón de maltrato en una sola acusación." El caso pendiente ante el foro recurrido –por la comisión del delito tipificado en el artículo 3.1 de la Ley 54– está señalado para juicio, los días 9 y 10 de febrero de 2022. En síntesis, al peticionario se le acusa de un patrón de conducta de maltrato contra la Sra. IMLO, por hechos ocurridos desde el 2018 hasta el 20 de enero de 2022, al rozar a la perjudicada con sus dedos en a boca.[13]

Al evaluar una petición de *certiorari* en casos como el de autos, nos corresponde analizar, si bajo la discreción concedida a este tribunal revisor bajo la Regla 40, debemos o no expedir el auto de *certiorari*. Evaluada la resolución recurrida, resolvemos que no se cumple ninguno de los criterios anteriormente mencionados.

Asimismo, luego de analizar el expediente ante nuestra consideración, somos del criterio que el peticionario no demostró que el TPI haya incurrido en un abuso de discreción que amerite nuestra intervención. Tampoco vemos error en la aplicación del Derecho. Según lo antes expuesto, no es de aplicación los incisos (j) y (k) de la Regla 64

---

[13] Apéndice del recuso, Anejo 8.

por no haber una acumulación indebida de cargos, ya que se trata del mismo delito, en sus dos modalidades, lo cual es permisible de acuerdo con la jurisprudencia interpretativa. *Pueblo v. Carballosa y Balzac*, *supra*.

Reiteramos que, los tribunales apelativos no debemos intervenir con las determinaciones de los tribunales primarios, salvo que se demuestre un claro abuso de discreción, perjuicio, error manifiesto o parcialidad. *Trans-Oceanic Life Ins. v. Oracle Corp.*, *supra*. Por lo cual, ante la ausencia de estos criterios, las determinaciones realizadas por el foro primario merecen deferencia de nuestra parte. Consecuentemente, al amparo de la Regla 40 de nuestro Reglamento, y en el ejercicio de nuestra discreción denegamos la expedición del auto de *certiorari*.

**IV**

Por los fundamentos que anteceden, se declara No Ha Lugar la solicitud de desestimación presentada por la Oficina del Procurador General, y se deniega la expedición del auto de *certiorari*. Se devuelve el caso al foro primario para la continuación de los procedimientos.

**Notifíquese inmediatamente**.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís<br>
Secretaria del Tribunal de Apelaciones